1  Frederick W. Kosmo, Jr. (State Bar No. 138036)
   Wilson Turner Kosmo LLP
2  550 West C Street, Suite 1050
   San Diego, CA 92101-3532
3  619-236-9600
4  619-236-9669 (fax)
   fkosmo@wilsonturnerkosmo.com
5

6  Attorneys for Plaintiff  NATURAL
   ALTERNATIVES INTERNATIONAL, INC.
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., | Case No. **'16CV1764 AJB  BLM** |
| Plaintiff, | |
| v. | **COMPLAINT FOR TRADEMARK, COPYRIGHT AND PATENT INFRINGEMENT** |
| ALLMAX NUTRITION, INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Case No. _____

COMPLAINT FOR TRADEMARK, COPYRIGHT AND PATENT
INFRINGEMENT

Plaintiff, Natural Alternatives International, Inc. ("NAI") hereby brings this Complaint against defendant, Allmax Nutrition, Inc. ("Allmax"), and alleges as follows:

## INTRODUCTION

1. NAI sells its branded CarnoSyn® beta-alanine, an amino acid, to customers throughout the United States and in other countries. NAI's product is covered by a robust portfolio of trademark, copyright and patent rights. Allmax, which sells dietary supplements containing beta-alanine, has engaged in acts of trademark, copyright and patent infringement, all designed to improperly boost its sales and intentionally interfere with NAI's expanding CarnoSyn® business. NAI files this action to stop Allmax from intentionally and willfully infringing upon NAI's intellectual property rights and wrongfully interfering with NAI's CarnoSyn® beta-alanine business.

## PARTIES

2. NAI is a Delaware corporation with its principal place of business in San Marcos, California.

3. Allmax is a Canadian corporation with its principal place of business located at 4576 Yonge St., Suite 509, North York, Ontario, M2N 6N4, Canada.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, and patent infringement arising under Title 35 of the United States Code, 35 U.S.C. §§ 1, *et seq*.

5. Exclusive subject matter jurisdiction over this action is conferred upon the Court pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121(a).

-1-   CASE NO. _____
COMPLAINT FOR TRADEMARK, COPYRIGHT AND PATENT INFRINGEMENT

6. The exercise of jurisdiction over Allmax comports with the laws of the State of California and the constitutional requirements of due process because Allmax transacts business and offers to transact business within California. It operates an interactive website that is accessible by citizens and residents of California. See Ex. A (Allmax Homepage). Allmax also sells and offers to sell its products through retailers located in California, including without limitation, GNC and Vitamin Shoppe retail stores in the Southern District of California. See Ex. B (List of American Retailers from Website).

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), (3).

## FACTS

**A.   NAI**

8. NAI, a publicly traded company, is a leading formulator, manufacturer, marketer and supplier of nutritional supplements and provides strategic partnering services to its customers. NAI offers a wide range of innovative nutritional products and services to its clients including: scientific research, clinical studies, proprietary ingredients, customer-specific nutritional product formulation, product testing and evaluation, marketing management and support, packaging and delivery system design, regulatory review and international product registration assistance. NAI also funds, sponsors, directs and participates in research studies to establish consumer benefits and scientific efficacy supporting both product claims and marketing initiatives. The comprehensive services NAI offers and financial support for research have established NAI as an innovator in the field of nutritional science and increased the goodwill associated with NAI-authorized products.

9. NAI owns 34 patents in the United States and foreign countries related to beta-alanine. Beta-alanine is a non-essential amino acid. In numerous scientific studies, CarnoSyn® beta-alanine, when used as a dietary supplement, has been

-2-   CASE NO. _____
COMPLAINT FOR TRADEMARK, COPYRIGHT AND PATENT INFRINGEMENT

proven to delay the onset of fatigue in muscle cells, thereby eliminating muscle fatigue and soreness and has been shown to improve athletic performance.

10. One of the inventors of the patents assigned to NAI, Dr. Roger Harris, has been recognized for his work in nutritional supplements, particularly his work in several studies using CarnoSyn® beta-alanine. He has a lifetime achieve award from the International Society of Sports Nutrition.

11. NAI imports and sells beta-alanine to customers in the United States engaged in interstate and foreign commerce. Its beta-alanine is branded and sold under the trademark CarnoSyn®. NAI owns the entire right, title and interest to multiple trademarks, including the CarnoSyn® trademark, Serial No. 78372235 and Registration No. 3146289, a true and correct copy of which is attached as Ex. C and incorporated herein by reference, and the CarnoSyn Beta Alanine® trademark, Serial No. 85606462 and Registration No. 4271217, a true and correct copy of which is attached as Ex. D and incorporated herein by reference.

12. NAI maintains a website to promote and encourage sales of its branded CarnoSyn® beta-alanine at www.carnosyn.com, the content of which is incorporated herein by reference. The contents of the website are protected by copyrights held by NAI and the website includes a copyright notice. A true and correct copy of NAI's copyright registrations (Nos. TX 8-188-444 and TX 8-187-689) are attached as Exs. E and F and incorporated herein by reference.

13. NAI has invested and continues to expend substantial funds to build, expand and promote sales of CarnoSyn® beta-alanine. NAI pursues legal avenues to protect its CarnoSyn® brand and intellectual property portfolio.

14. When NAI sells CarnoSyn® beta-alanine to customers, the customers receive a scientifically-tested recognized product, a license to NAI's trademarks, and patents, and are indemnified against product liability. The license extends only to the CarnoSyn® beta-alanine purchased from NAI, and does not extend to

CarnoSyn® beta-alanine that contains or is mixed or comingled with any non-trademarked beta-alanine.

15. By statute, NAI's 14 U.S. patents are presumed valid. 35 U.S.C. § 282. None of those patents have been held invalid by a court.

16. NAI is the owner of U.S. Patent No. 5,965,596 ("the '596 patent"), issued on or about October 12, 1999, entitled "Methods and compositions for increasing the anaerobic working in tissues." A copy of the '596 patent is attached as Ex. G and incorporated by reference.

17. NAI is the owner of U.S. Patent No. 6,172,098 ("the '098 patent"), issued on or about January 9, 2001, entitled "Methods and compositions for increasing the anaerobic working in tissues." A copy of the '098 patent is attached as Ex. H and incorporated by reference.

18. NAI is the owner of U.S. Patent No. 7,504,376, issued on or about March 17, 2009, entitled "Methods and compositions for increasing the anaerobic working capacity in tissues." A copy of the patent is attached as Ex. I and incorporated by reference.

19. NAI is the owner of U.S. Patent No. 7,825,084 ("the '084 patent"), issued on or about November 2, 2010, entitled "Methods and compositions for increasing the anaerobic working capacity in tissues." A copy of the '084 patent is attached as Ex. J and incorporated by reference.

20. NAI is the owner of U.S. Patent No. RE45,947 ("the '947 patent"), issued on or about November 2, 2010, entitled "Methods and compositions for increasing the anaerobic working capacity in tissues." A copy of the '947 patent is attached as Ex. K and incorporated by reference.

21. Claim 1 of the '596 patent is directed to a method of regulating the hydronium ion concentration in human tissue by providing an amount of beta-alanine to the blood or blood plasma effective to increase beta-alanylhistidine

dipeptide (carnosine) synthesis in the human tissue, exposing the human tissue to the blood or blood plasma and thereby increasing the carnosine in the human tissue.

22. Claim 5 of the '098 patent is directed to a method of increasing the anaerobic working capacity of a tissue by providing an amount of beta-alanine to the blood or blood plasma effective to increase beta-alanylhistidine dipeptide (carnosine) synthesis in the human tissue, exposing the human tissue to the blood or blood plasma and thereby increasing the carnosine in the human tissue.

23. Claim 1 of the '084 patent is directed to a human dietary supplement comprising beta-alanine in a unit dosage of between 0.4 grams to 16 grams.

24. Claim 34 of the '947 patent is directed to a human dietary supplement for increasing human muscle tissue strength comprising a mixture of creatine, a carbohydrate and free amino acid beta-alanine that is not part of a dipeptide, polypeptide or an oligopeptide, wherein the human dietary supplement does not contain a free amino acid L-histidine, wherein the free amino acid beta-alanine is in an amount that is from 0.4 g to 16.0 g per daily dose, wherein the amount increases the muscle tissue strength in the human, and wherein the human dietary supplement is formulated for one or more doses per day for at least 14 days.

**B. Allmax**

25. Allmax is a supplier and distributor of bodybuilding and sports nutrition supplements in the United States, Canada and across the world. Some of these supplements contain beta-alanine.

26. Its products are offered to and may be purchased and/or used by citizens of California. Allmax owns, maintains and/or operates a website at www.allmaxnutrition.com, the content of which is incorporated herein by reference.

27. Allmax sells and/or offers to sell Razor 8 Blast Powder, which contains beta-alanine. Ex. L (Catalog page for Razor 8 Blast Powder).

-5-   CASE NO. _____
COMPLAINT FOR TRADEMARK, COPYRIGHT AND PATENT INFRINGEMENT

28. Allmax represents that the Razor 8 Blast Powder is licensed under one or more of U.S. Patent Nos. 5,965,596 and 6,426,361, each of which is owned by NAI. *Id*.

29. Allmax also acknowledges that NAI is the owner of the registered trademark CarnoSyn®. *Id*.

30. Allmax's website for the Razor 8 Blast Powder product states that it contains 425mg of CarnoSyn® beta-alanine. Ex. M. (Razor 8 webpage).

31. Allmax's website for the Razor 8 Blast Powder product has a link to "Science," which directs the viewer to another page. This other page describes the benefits of taking beta-alanine and also uses NAI's trademark and copyrights. Ex. N. (Razor 8 science).

32. Allmax sells and/or offers to sell C-VOL (CREMAGNAVOL®), which contains beta-alanine. Ex. L (Catalog page for C-VOL and CREMAGNAVOL®).

33. Allmax's C-VOL product also contains creatine and carbohydrate. *Id*.

34. Allmax's C-VOL product does not contain L-histidine. *Id*.

35. Allmax represents that the CREMAGNAVOL® product is licensed under one or more of U.S. Patent Nos. 5,965,596 and 6,426,361, each of which is owned by NAI. *Id*.

36. Allmax also acknowledges that NAI is the owner of the registered trademark CarnoSyn®. *Id*.

37. Allmax's website for the C-VOL product states that it contains 800mg of CarnoSyn® beta-alanine. Ex. O. (C-VOL webpage).

38. Allmax sells and/or offers to sell Vitastack, which contains beta-alanine. Ex. L (Catalog page for Vitastack).

39. Allmax's Vitastack product also contains glycine. *Id*.

-6-      CASE NO. _____
COMPLAINT FOR TRADEMARK, COPYRIGHT AND PATENT INFRINGEMENT

40. Allmax sells and/or offers to sell MUSCLEPRIME®, which contains beta-alanine. Ex. L (Catalog page for Muscleprime).

41. Allmax represents that the MUSCLEPRIME® product is licensed under one or more of U.S. Patent Nos. 5,965,596 and 6,426,361, each of which is owned by NAI. *Id*.

42. Allmax also acknowledges that NAI is the owner of the registered trademark CarnoSyn®. *Id*.

43. Allmax states that the "Patented CarnoSyn® Beta-Alanine in MUSCLEPRIME® promotes greater concentrations of muscle Carnosine resulting in increases in STRENGTH, POWER and MUSCLE MASS." Ex. L (Catalog at page 26).

44. Allmax also states that beta-alanine has been shown to increase anaerobic endurance and delay the onset of fatigue, "letting you train with greater intensity and duration." *Id*.

45. Allmax's website for MUSCLEPRIME® states the product contains 0.6g of CarnoSyn® beta-alanine. Ex. P (Muscleprime website).

46. Allmax's website for the MUSCLEPRIME® product has a link to "key factors," which directs the user to another page. This other page describes the benefits of taking beta-alanine and also uses NAI's trademark and copyrights. Ex. Q (Muscleprime key factors).

47. Allmax sells and/or offers to sell beta-alanine. Ex. L (Catalog at page 34).

48. Allmax's website for beta-alanine uses NAI's trademark and copyrights. Ex. R (beta-alanine webpage).

49. Allmax's website for beta-alanine has a link to "carnosyn," which directs the user to another page. This other page describes the benefits of taking

-7-   CASE NO. _____
COMPLAINT FOR TRADEMARK, COPYRIGHT AND PATENT INFRINGEMENT

beta-alanine and also uses NAI's trademark and copyrights. Ex. S (beta-alanine carnosyn).

50. Allmax's website for beta-alanine has a link to "science," which directs the user to another page. This other page describes the benefits of taking beta-alanine and also uses NAI's trademark and copyrights. Ex. T (beta-alanine science).

### C. Allmax's Trademark Infringement

51. Allmax uses NAI's CarnoSyn® trademark on its website as alleged above. *See also* Exs. N, Q, R, S, T (CarnoSyn Use on Website).

52. Allmax is not authorized to use NAI's CarnoSyn® trademark.

### D. Allmax's Copyright Infringement

53. Allmax uses the contents of NAI's website on its own website as alleged above. *See also* Exs. N, Q, R, S, T (Copy of material from website).

54. The contents of NAI's website is protected by copyright, including registered copyrights.

55. Allmax is not authorized to use NAI's copyright.

### E. Allmax's Patent Infringement

56. Allmax sells sports nutrition supplements that contain beta-alanine as alleged above. *See also* Exs. L-T (Copy of material from website and catalog).

57. Allmax's Razor 8 Blast Powder product infringes at least claim 1 of the '084 patent because it contains between 0.4 and 16 grams of beta-alanine per unit dosage. Exs. L, M, N (Razor 8 Blast Powder catalog page and website).

58. Allmax makes statements in association with the promotion of its Razor 8 Blast Powder product that induce infringement of at least claim 5 of the '098 patent. For example, Allmax states that by providing beta-alanine, "the body upregulates the production of carnosine. With increased levels of carnosine,

-8-   CASE NO. _____
COMPLAINT FOR TRADEMARK, COPYRIGHT AND PATENT INFRINGEMENT

muscular strength increases, muscular fatigue is reduced and total amount of work can be increased." Ex. N (Razor 8 Blast Powder webpage science)

59. Allmax's C-VOL product infringes at least claim 1 of the '084 patent because it contains between 0.4 and 16 grams of beta-alanine per unit dosage. Exs. L, O (C-VOL catalog page and website).

60. Allmax's C-VOL product infringes at least claim 34 of the '947 patent because it contains beta-alanine between 0.4 and 16 grams per daily dose, creatine and carbohydrate, does not contain L-histidine and is formulated for one or more doses per day for at least 14 days. Exs. L, O (C-VOL catalog page and website).

61. Allmax's Vitastack product infringes at least claim 1 of the '084 patent because it contains between 0.4 and 16 grams of beta-alanine per unit dosage. Ex. L (Vitastack catalog page).

62. Allmax's MUSCLEPRIME® product infringes at least claim 1 of the '084 patent because it contains between 0.4 and 16 grams of beta-alanine per unit dosage. Ex. L, P (Muscleprime catalog page and website).

63. Allmax makes statements in association with the promotion of its MUSCLEPRIME® product that induce infringement of at least claim 5 of the '098 patent. For example, Allmax states that by providing beta-alanine, "MUSCLEPRIME® promotes greater concentrations of muscle carnosine resulting in increases in strength, power and muscle mass. Beta-alanine has been reported to increase anaerobic endurance." Ex. Q (Muscleprime webpage key factors).

64. Allmax's beta-alanine product infringes at least claim 1 of the '084 patent because it contains between 0.4 and 16 grams of beta-alanine per unit dosage. Ex. L, R (beta-alanine catalog page and website)

65. Allmax makes statements in association with the promotion of its beta-alanine product that induce infringement of at least claim 5 of the '098 patent, for example, Allmax states that by providing beta-alanine, "Beta-alanine provides the

-9-   CASE NO. _____

COMPLAINT FOR TRADEMARK, COPYRIGHT AND PATENT INFRINGEMENT

stimulus to increase anaerobic and aerobic endurance." Ex. R (beta-alanine webpage). Allmax also states that "beta-alanine is clinically proven to increase muscle carnosine for long periods, . . ., improve endurance, . . ., increase strength." Ex. S (beta-alanine webpage carnosyn).

66. Allmax makes statements in association with the promotion of its beta-alanine product that induce infringement of at least claim 1 of the '596 patent. For example, Allmax states that "beta-alanine is clinically proven to increase muscle carnosine for long periods, [and] increase muscle buffering capacity. . . ." Ex. R (beta-alanine webpage carnosyn). Allmax also states that "Muscle carnosine is the major buffering agent, or neutralizer, of hydronium ions that lead to muscle fatigue and failure. By increasing the amount of carnosine in the muscle, CarnoSyn beta-alanine both increases an athlete's peak performance and speeds muscle recovery." Ex. T (beta-alanine webpage Science).

## COUNT I

### (Lanham Act § 32)

67. The foregoing allegations are incorporated by reference.

68. Allmax's products are used, sold, and/or offered for sale in interstate and foreign commerce.

69. In connection with its goods or services, Allmax has used a reproduction, counterfeit, copy, or colorable imitation of NAI's registered trademark without NAI's consent.

70. Allmax knowingly and willfully misrepresented to the public, *inter alia*, the facts alleged above.

71. Allmax used NAI's registered trademark without NAI's consent, knowing that such act is intended to be used to cause confusion, or to cause mistake, or to deceive.

72. By reason of Allmax's statements and conduct, Allmax has willfully violated section 32 of the Lanham Act, 15 U.S.C. § 1114, and NAI has suffered, and will continue to suffer damage to its business, reputation, and good will and has lost sales and profits that it would have made but for Allmax's acts.

73. NAI has been irreparably harmed by Allmax's acts in violation of the Lanham Act and has suffered damages in an amount to be determined at trial.

## COUNT II

### (Copyright Infringement)

74. The foregoing allegations are incorporated by reference.

75. NAI's work is an original literary, design and pictorial work of authorship pursuant to 17 U.S.C. § 102(a). The copyrights in NAI's work are valid.

76. Allmax had access to NAI's work.

77. Allmax copied and distributed and used without authorization or permission NAI's work, including on exhibits attached hereto.

78. Allmax willfully violated, and continues to willfully violate NAI's exclusive right to its protected copyright works in violation of 17 U.S.C. § 501.

79. Allmax profited from its infringement of NAI's copyrights.

80. NAI has been irreparably harmed by Allmax's acts of infringement and has suffered damages in an amount to be determined at trial.

## COUNT III

### (Patent Infringement)

81. The foregoing allegations are incorporated by reference.

82. Allmax has made, used, sold, and/or offered for sale products embodying the patented invention, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '084 patent, and the '947 patent and will continue to do so unless enjoined therefrom.

-11-   CASE NO. _____
COMPLAINT FOR TRADEMARK, COPYRIGHT AND PATENT INFRINGEMENT

83. Allmax has, through the sale of its products and promotion of such products, including instructions for the use thereof, induced others (*i.e.*, the end users of its accused products) to infringe literally or under the doctrine of equivalents, one or more claims of the '596 patent and the '098 patent.

84. Allmax's infringement has been willful.

85. NAI has been irreparably harmed by Allmax's acts of infringement and has suffered damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

NAI respectfully requests that this Court enter judgment against Allmax and that the following relief be granted:

    a.    judgment that Allmax has violated section 32 of the Lanham Act;

    b.    treble damages and statutory damages;

    c.    a preliminary and permanent injunction against continued violations of the Lanham Act;

    d.    punitive damages allowed by law;

    e.    attorneys' fees as allowed by law, including without limitation, 15 U.S.C. § 1117(a);

    f.    judgment that Allmax has violated 17 U.S.C. § 501;

    g.    statutory damages pursuant to 17 U.S.C. § 504;

    h.    reasonable costs and attorneys' fees pursuant to 17 U.S.C. § 505

    i.    a preliminary and permanent injunction against continued violations of NAI's copyrights;

    j.    judgment that Allmax has infringed one or more claims of the '596, '098, '084 and '947 patents;

    k.    judgment that Allmax's infringement of one or more claims of the '596, '098, '084 and '947 patents was willful;

    l.    injunction against continued infringement (35 U.S.C. § 283);

-12-    CASE NO. _____

COMPLAINT FOR TRADEMARK, COPYRIGHT AND PATENT INFRINGEMENT

m. damages for past infringement (35 U.S.C. § 284);

n. imposition of a constructive trust on all proceeds from the sale of accused products;

o. increased and trebled damages for willful infringement (35 U.S.C. § 284);

p. costs pursuant to Fed. R. Civ. P. 54(d) or otherwise provided by law; and

q. such other relief as the Court deems just and appropriate under the circumstances.

## JURY DEMAND

NAI hereby demands a jury trial on all issues so triable.

Dated: July 7, 2016

Respectfully submitted,

Wilson Turner Kosmo LLP

By: /s/ Frederick W. Kosmo, Jr.
Wilson Turner Kosmo LLP

*Attorneys for Plaintiff Natural Alternatives International, Inc.*

Of Counsel:

Kevin M. Bell
Richard J. Oparil
W. John McKeague
Porzio, Bromberg & Newman, P.C.
1200 New Hampshire Ave., NW, Suite 710
Washington, DC 20036
(202) 517-1888
(202) 517-6322 (fax)

-13-    CASE NO. _____

COMPLAINT FOR TRADEMARK, COPYRIGHT AND PATENT INFRINGEMENT