DURIE TANGRI LLP
RAGESH K. TANGRI (SBN 159477)
rtangri@durietangri.com
SONAL N. MEHTA (SBN 222086)
smehta@durietangri.com
MICHAEL A. FELDMAN (SBN 295780)
mfeldman@durietangri.com
217 Leidesdorff Street
San Francisco, CA 94111
Telephone:415-362-6666
Facsimile: 415-236-6300

Attorneys for Defendants
ALLMAX NUTRITION INC. and
HBS INTERNATIONAL CORP.

## IN THE UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLMAX NUTRITION INC. and HBS INTERNATIONAL CORP., <br><br> Defendants. | Case No. 3:16-cv-01764-H-AGS <br><br> **DEFENDANT ALLMAX NUTRITION, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** <br><br> Ctrm:  15A (15th Floor – Carter/Keep) <br> Judge: Honorable Marilyn L. Huff <br><br> **DEMAND FOR JURY TRIAL** |

Defendant Allmax Nutrition Inc. ("Allmax"), by its undersigned counsel, hereby answers Plaintiff's First Amended Complaint ("FAC") as follows, based on information reasonably available to Allmax, reserving its right to amend this Answer based on later-discovered information:

## INTRODUCTION[1]

1. NAI sells its branded CarnoSyn® beta-alanine, an amino acid, to customers throughout the United States and in other countries. NAI's product is covered by a robust portfolio of trademark, copyright and patent rights. Allmax and HBS, which offer to sell and sell dietary supplements containing beta-alanine, has [sic] engaged in acts of trademark, copyright and patent infringement, all designed to improperly boost its sales and intentionally interfere with NAI's expanding CarnoSyn® business. NAI files this action to stop Defendants from intentionally and willfully infringing upon NAI's intellectual property rights and wrongfully interfering with NAI's CarnoSyn® beta-alanine business.

**Response:** Allmax denies that it sells or offers to sell dietary supplements. Allmax also denies that it has engaged in any acts of trademark, copyright, or patent infringement. The remaining allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

## PARTIES

2. NAI is a Delaware corporation with its principal place of business in San Marcos, California.

**Response:** Allmax lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the Complaint and on that basis, denies them.

3. Allmax is a Canadian corporation with its principal place of business located at 4576 Yonge St., Suite 509, North York, Ontario, Canada.

**Response:** Admitted.

4. HBS is a Canadian corporation with its principal place of business located at 4576 Yonge St., Suite 509, North York, Ontario, Canada. It also has an office in Carson City, Nevada.

---

[1] Allmax neither admits nor denies the contents of the various headings and subheadings in the First Amended Complaint, which are reproduced herein solely for convenience.

**Response:** Allmax admits that HBS is a Canadian corporation with its principal place of business at 4576 Yonge St., Suite 509, North York, Ontario, Canada. Allmax admits that HBS utilizes an office service in Carson City, Nevada. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

5. The true names and capacities, whether individual, corporate, associate or otherwise of defendants sued herein as DOES 1-100, inclusive, are unknown to NAI at the present time and NAI therefore sues such defendants by fictitious names. NAI will amend this complaint, by leave of Court if necessary, to show such true names and capacities when the same have been ascertained. Such defendants will include contract manufacturers and brands that do not buy betaalanine from NAI and/or commingle beta-alanine and then use it to manufacture dietary supplements for brands, offer to sell or sell the finished products to end users, and/or the end users.

**Response:** Allmax lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the Complaint and on that basis, denies them.

## JURISDICTION AND VENUE

6. This is an action for trademark infringement under the Lanham Act, 15 U.S.C. §§ 1051, et seq., copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., and patent infringement arising under Title 35 of the United States Code, 35 U.S.C. §§ 1, et seq.

**Response:** Admitted that Plaintiff purports to bring an action for trademark infringement, copyright infringement, and patent infringement. Allmax denies liability for any such claims. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

7. Exclusive subject matter jurisdiction over this action is conferred upon the Court pursuant to 28 U.S.C. §§ 1331 and 1338, 15 U.S.C. § 1121(a), and supplemental jurisdiction under 28 U.S.C. § 1367.

**Response:** Allmax does not contest that this Court may assert subject matter jurisdiction over these claims. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent any response is required, Allmax denies the allegations of this Paragraph except as expressly admitted.

8. The exercise of jurisdiction over Allmax comports with the laws of the State of California and the constitutional requirements of due process because Allmax transacts business and offers to transact business within California. It operates an interactive website that is accessible by citizens and residents of California. See Ex. A (Allmax Homepage). For example, the website contains a copyright notice for Allmax. Further, part of its website states: "At ALLMAX Nutrition, we are committed to protecting your privacy and want you to feel comfortable using our website. Please take a moment to read

this Statement to understand how ALLMAX Nutrition collects, uses and discloses the personal information you provide to us." Allmax goes on to say: "If you would like us to update your contact information or remove your name from our mailing list, or if you have any questions or concerns about ALLMAX Nutrition's privacy practices or about your personal information, please contact us at support[at]allmaxnutrition[dot]com." See http://www.allmaxnutrition.com/privacy-policy (last visited Oct. 18, 2016). The "terms of use" portion of the website states, in part:

> By using allmaxnutrition.com you agree to be bound by these terms, which shall take effect immediately on your first use of allmaxnutrition.com. If you do not agree to be bound by all of the following terms please do not access, use and/or contribute to allmaxnutrition.com.

> ALLMAX Nutrition may change these terms from time to time and so you should check these terms regularly. Your continued use of allmaxnutrition.com will be deemed acceptance of the updated or amended terms. If you do not agree to the changes, you should cease using this website.

See http://www.allmaxnutrition.com/terms-of-use (last visited Oct. 18, 2016). Allmax also sells and offers to sell its products through retailers located in California, including without limitation, GNC and Vitamin Shoppe retail stores in the Southern District of California. See Ex. B (List of American Retailers from Website). Allmax represents to the public that it creates dietary supplement products offered for sale. See, e.g., ¶30, infra. Further, HBS' contacts with California are properly attributable to Allmax. HBS and Allmax conduct their business as a single enterprise. See, e.g., ¶29, infra. They have the same address, including suite number. See, e.g., ¶¶3-4, supra.

**Response:** Allmax denies that it is appropriate for this Court to assert personal jurisdiction over Allmax. Allmax denies that it transacts business with or within California. Allmax denies that it sells or offers to sell any of the products accused of infringement in this case. Allmax denies that it operates any website, let alone an interactive website. Allmax denies that it represents to the public that it creates dietary supplement products offered for sale. Allmax denies that HBS and Allmax conduct their business as a single enterprise. Allmax admits that the text quoted above appears on the website accessible at the url "allmaxnutrition.com," but Allmax denies that they are statements from Allmax because Allmax does not create, host, or operate allmaxnutrition.com. Allmax admits that its address is 4576 Yonge St., Suite 509, North York, Ontario, Canada. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent any response is required, Allmax denies the allegations of this Paragraph except as expressly admitted.

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

9. The exercise of jurisdiction over HBS comports with the laws of the State of California and the constitutional requirements of due process because HBS transacts business and offers to transact business within California. It is a wholly owned subsidiary or affiliate of Allmax. HBS distributes Allmax's line of products, including the products at issue here, in the United States, for purchase at a variety of retailers in California. Further, HBS had sought to enter into a CarnoSyn® Beta-Alanine License Agreement with NAI, located in California.

**Response:** Allmax denies that HBS is a subsidiary or affiliate of Allmax. Allmax has no parent or subsidiary companies. Allmax denies that HBS distributes "Allmax's line of products" because Allmax does not have any products, let alone those at issue here. Allmax admits that HBS distributes the products accused of infringement in this case in the United States. Allmax admits that HBS has a license with NAI for CarnoSyn Beta-Alanine. The remaining allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

10. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), (3).

**Response:** Allmax does not contest this District as venue for these claims. The remaining allegations of this paragraph consist of legal conclusions to which no response is required. To the extent any response is required, Allmax denies the allegations of this Paragraph except as expressly admitted.

## FACTS

**A.    NAI**

11. NAI, a publicly traded company, is a leading formulator, manufacturer, marketer and supplier of nutritional supplements and provides strategic partnering services to its customers. NAI offers a wide range of innovative nutritional products and services to its clients including: scientific research, clinical studies, proprietary ingredients, customer-specific nutritional product formulation, product testing and evaluation, marketing management and support, packaging and delivery system design, regulatory review and international product registration assistance. NAI also funds, sponsors, directs and participates in research studies to establish consumer benefits and scientific efficacy supporting both product claims and marketing initiatives. The comprehensive services NAI offers and financial support for research have established NAI as an innovator in the field of nutritional science and increased the goodwill associated with NAI authorized products.

**Response:** Allmax lacks sufficient knowledge or information to admit or deny the

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

allegations in this paragraph of the Complaint and on that basis, denies them.

12. NAI owns 46 patents in the United States and foreign countries related to beta-alanine. Beta-alanine is a non-essential amino acid. In numerous scientific studies, CarnoSyn® beta-alanine, when used as a dietary supplement, has been proven to delay the onset of fatigue in muscle cells, thereby eliminating muscle fatigue and soreness and has been shown to improve athletic performance.

**Response:** Allmax admits that Beta-alanine is a non-essential amino acid. Allmax admits that beta-alanine is clinically proven to delay fatigue. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.

13. One of the inventors of the patents assigned to NAI, Dr. Roger Harris, has been recognized for his work in nutritional supplements, particularly his work in several studies using CarnoSyn® beta-alanine. He has a lifetime achieve [sic] award from the International Society of Sports Nutrition.

**Response:** Allmax lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the Complaint and on that basis, denies them.

14. NAI imports and sells beta-alanine to customers in the United States engaged in interstate and foreign commerce. Its beta-alanine is branded and sold under the trademark CarnoSyn®. NAI owns the entire right, title and interest to multiple trademarks, including the CarnoSyn® trademark, Serial No. 78372235 and Registration No. 3146289, a true and correct copy of which is attached as Ex. C and incorporated herein by reference, and the CarnoSyn Beta Alanine® trademark, Serial No. 85606462 and Registration No. 4271217, a true and correct copy of which is attached as Ex. D and incorporated herein by reference.

**Response:** Allmax lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the Complaint and on that basis, denies them.

15. NAI maintains a website to promote and encourage sales of its branded CarnoSyn® beta-alanine at www.carnosyn.com, the content of which is incorporated herein by reference. The contents of the website are protected by copyrights held by NAI and the website includes a copyright notice. A true and correct copy of NAI's copyright registrations (Nos. TX 8-188-444 and TX 8-187-689) are attached as Exs. E and F and incorporated herein by reference.

**Response:** Allmax lacks sufficient knowledge or information to admit or deny the allegations in this paragraph of the Complaint and on that basis, denies them. This paragraph also contains allegations consisting of legal conclusions to which no response is required. To the extent any response is required, Allmax denies the allegations of this

1    Paragraph except as expressly admitted.

2        16. NAI has invested and continues to expend substantial funds to build, expand and promote sales of CarnoSyn® beta-alanine. NAI pursues legal avenues to protect its
3    CarnoSyn® brand and intellectual property portfolio.

4        **Response:** Allmax lacks sufficient knowledge or information to admit or deny the

5    allegations in this paragraph of the Complaint and on that basis, denies them.

6        17. When NAI sells CarnoSyn® beta-alanine to customers, the customers receive a scientifically-tested recognized product, a license to NAI's trademarks, and patents, and
7    are indemnified against product liability. The license extends only to the CarnoSyn® beta-alanine purchased from NAI, and does not extend to CarnoSyn® beta-alanine that
8    contains or is mixed or comingled with any nontrademarked beta-alanine.

9        **Response:** Allmax lacks sufficient knowledge or information to admit or deny the

10    allegations in this paragraph of the Complaint and on that basis, denies them.

11        18. By statute, NAI's 14 U.S. patents are presumed valid. 35 U.S.C. § 282.  None of those patents have been held invalid by a court.
12

13        **Response:** The first sentence of this paragraph (including citation) consists of a

14    legal conclusion to which no response is necessary.  Allmax lacks sufficient knowledge or

15    information to admit or deny the allegations of the second sentence in this paragraph.

16    However, Allmax avers that the Patent Trial and Appeals Board ("PTAB") rejected U.S.

17    Pat. No. 8,129,422 and U.S. Pat. No. 8,067,381.  Except as expressly admitted, Allmax

18    denies all allegations in this Paragraph.

19        19. NAI is the owner of U.S. Patent No. 5,965,596 ("the '596 patent"), issued on or about October 12, 1999, entitled "Methods and compositions for increasing the anaerobic
20    working in tissues." A copy of the '596 patent is attached as Ex. G and incorporated by reference.
21

22        **Response:** Allmax admits that Ex. G appears to be a copy of the '596 Patent.

23    Allmax lacks sufficient knowledge or information to admit or deny the remaining

24    allegations in this paragraph of the Complaint and on that basis, denies them.

25        20. NAI is the owner of U.S. Patent No. 7,504,376, issued on or about March 17, 2009, entitled "Methods and compositions for increasing the anaerobic working capacity
26    in tissues." A copy of the patent is attached as Ex. H and incorporated by reference.

27        **Response:** Allmax admits that Ex. H appears to be a copy of U.S. Pat No.

28    7,504,376.  Allmax lacks sufficient knowledge or information to admit or deny the

remaining allegations in this paragraph of the Complaint and on that basis, denies them.

21. NAI is the owner of U.S. Patent No. 7,825,084 ("the '084 patent"), issued on or about November 2, 2010, entitled "Methods and compositions for increasing the anaerobic working capacity in tissues." A copy of the '084 patent is attached as Ex. I and incorporated by reference.

**Response:** Allmax admits that Ex. I appears to be a copy of the '084 Patent. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.

22. NAI is the owner of U.S. Patent No. RE45,947 ("the '947 patent"), issued on or about November 2, 2010, entitled "Methods and compositions for increasing the anaerobic working capacity in tissues." A copy of the '947 patent is attached as Ex. J and incorporated by reference.

**Response:** Allmax admits that Ex. J appears to be a copy of the '947 Patent. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.

23. Claim 1 of the '596 patent is directed to a method of regulating the hydronium ion concentration in human tissue by providing an amount of betaalanine to the blood or blood plasma effective to increase beta-alanylhistidine dipeptide (carnosine) synthesis in the human tissue, exposing the human tissue to the blood or blood plasma and thereby increasing the carnosine in the human tissue.

**Response:** Allmax admits that Claim 1 of the '596 patent claims:

> A method of regulating hydronium ion concentrations in a human tissue comprising:
>
> providing an amount of beta-alanine to blood or blood plasma effective to increase beta-alanylhistidine dipeptide synthesis in the human tissue; and
>
> exposing the tissue to the blood or blood plasma, whereby the concentration of beta-alanylhistidine is increased in the human tissue.

The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent any response is required, Allmax denies the allegations of this Paragraph.

24. Claim 1 of the '084 patent is directed to a human dietary supplement comprising beta-alanine in a unit dosage of between 0.4 grams to 16 grams.

**Response:** Allmax admits that Claim 1 of the '084 patent claims: "A human dietary

7

supplement, comprising a beta-alanine in a unit dosage of between about 0.4 grams to 16 grams, wherein the supplement provides a unit dosage of beta-alanine." The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent any response is required, Allmax denies the allegations of this Paragraph.

25. Claim 34 of the '947 patent is directed to a human dietary supplement for increasing human muscle tissue strength comprising a mixture of creatine, a carbohydrate and free amino acid beta-alanine that is not part of a dipeptide, polypeptide or an oligopeptide, wherein the human dietary supplement does not contain a free amino acid L-histidine, wherein the free amino acid beta-alanine is in an amount that is from 0.4 g to 16.0 g per daily dose, wherein the amount increases the muscle tissue strength in the human, and wherein the human dietary supplement is formulated for one or more doses per day for at least 14 days.

**Response:** Allmax admits that Claim 34 of the '947 patent claims:

A human dietary supplement for increasing human muscle tissue strength comprising a mixture of creatine, a carbohydrate and free amino acid beta-alanine that is not part of a dipeptide, polypeptide or an oligopeptide, wherein the human dietary supplement does not contain a free amino acid L-histidine, wherein the free amino acid beta-alanine is in an amount that is from 0.4 g to 16.0 g per daily dose, wherein the amount increases the muscle tissue strength in the human, and wherein the human dietary supplement is formulated for one or more doses per day for at least 14 days

The remaining allegations of this paragraph are legal conclusions to which no response is required. To the extent any response is required, Allmax denies the allegations of this Paragraph.

26. Claim 6 of the '376 patent is directed to a human dietary supplement comprising glycine; and a) an amino acid selected from the group consisting of a beta-alanine, an ester of a beta-alanine, and an amide of a beta-alanine, or b) a dipeptide selected from the group consisting of a beta-alanine di-peptide and a betaalanylhistidine di-peptide.

**Response:** Allmax admits that Claim 6 of the '376 patent is a dependent claim, claiming: "The composition of claim 5, wherein the dietary supplement or sports drink is a supplement for humans." Allmax admits that Claim 5 of the '376 patent is a dependent claim, claiming: "The composition of claim 1, wherein the composition is a dietary supplement or a sports drink." Allmax admits that Claim 1 of the '376 patent claims:

A composition, comprising:

8

glycine; and

a) an amino acid selected from the group consisting of a beta-alanine, an ester of a beta-alanine, and an amide of a beta-alanine, or

b) a di-peptide selected from the group consisting of a beta-alanine di-peptide and a beta-alanylhistidine di-peptide.

The remaining allegations of this paragraph are legal conclusions to which no response is required.  To the extent any response is required, Allmax denies the allegations of this Paragraph.

## B.   Defendants

27. Allmax offers to sell and sells bodybuilding and sports nutrition supplements in the United States, Canada and across the world. Some of these supplements contain beta-alanine. Defendants maintain and operate a website at www.allmaxnutrition.com, the content of which is incorporated herein by reference, to promote the sale of products.

**Response:** Allmax denies that it offers to sell or sells bodybuilding and sports nutrition supplements in the United States, Canada and across the world.  Allmax denies that it maintains and operates a website at www.allmaxnutrition.com.  Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.  Except as expressly admitted, Allmax denies all allegations in this Paragraph.

28. HBS is the exclusive distributor of Allmax branded products in the United States, including supplement products containing beta-alanine.

**Response:** Admitted.

29. Allmax and HBS collectively have represented to courts in other cases that:

[Allmax and HBS] are pioneers in the nutritional supplement industry. Established on the principle that nutritional supplement products should be grounded in science, innovation, quality and results, [Defendants] manufacture, market and sell the Allmax Nutrition branded line of nutritional supplements. Every Allmax Nutrition supplement embodies [Defendants'] dedication to this core value, creating a revolutionary line of supplements that thousands of health conscious consumers have come to know and trust.

Ex. K, ¶8 (Complaint in Allmax Nutrition Inc. and HBS Int'l Corp. v. Bioexx Specialty Proteins Ltd., No. 11-CV-449 (D. Me.) (incorporated herein by reference)); see also Ex. L, ¶¶8-20 (Complaint in Allmax Nutrition Inc. and HBS Int'l Corp. v. Rivalus, Inc.No. 2:13-cv-379 (D. Me.) (incorporated herein by reference)).

**Response:** Allmax admits that paragraph 8 of the Complaint in *Allmax Nutrition Inc. and HBS Int'l Corp. v. Bioexx Specialty Proteins* states:

> The plaintiffs are pioneers in the nutritional supplement industry. Established on the principle that nutritional supplement products should be grounded in science, innovation, quality and results, plaintiffs manufacture, market and sell the Allmax Nutrition branded line of nutritional supplements. Every Allmax Nutrition supplement embodies plaintiffs' dedication to this core value, creating a revolutionary line of supplements that thousands of health-conscious consumers have come to know and trust.

Allmax admits that Plaintiff purports to incorporate by reference the complaint in *Allmax Nutrition Inc.* and *HBS Int'l Corp. v. Rivalus, Inc.* Except as expressly admitted, Allmax denies all allegations in this Paragraph.

30. Allmax also represents to the public that it creates, offers for sale and supplies dietary supplements. For example, in its Fall 2015 catalog, Allmax represents that:

> WHY ALLMAX?
>
> Rigorous research standards yield powerful results This has resulted in a line of products that has gained the trust of thousands of dedicated professional athletes, amateur athletes, coaches, trainers and those who have chosen to make high quality nutrition a part of their life.
>
> WE BELIEVE in dedicating ourselves to strict policies of quality in manufacturing. We maintain the absolute highest grade of manufacturing for all our products – NSF certified, cGMP compliant and government-inspected facilities featuring state-of-the-art conditions with sealed air-pressurized chambers.
>
> A healthy obsession with purity, potency and effective formulas WE ARE OBSESSIVE about testing and analyzing each and every batch of our product. We go well beyond the call of duty to ensure that what we put on the label is precisely what is in the product and in the required amounts and concentrations. We employ independent, 3rd party laboratories to rigorously test every product to ensure 100% validity, potency and safety. If even one of these strict standards is not met, the product is rejected and never makes it past this stage.
>
> There are cheaper and easier ways to create the supplements you consume, but we do not believe in anything less, nor will we settle for it.

10

> High quality products provide the best results OUR CUSTOMERS have had a healthy obsession with our products for more than a decade because they get results. They understand the importance of following a solid diet and training hard in combination with our high quality products. We understand that our customers demand more, which is why we consistently supply cutting-edge supplements to help them achieve their goals as quickly and effectively as possible.
>
> The ALLMAX Nutrition® brand stands for Science, Innovation, Quality and Results
>
> We continue to quietly grow through word-of-mouth recommendation, as satisfied athletes and trainers continue to tell others about their impressive results.

Ex. M at 2.

**Response:** Allmax admits that the text quoted above appears in the Fall 2015 catalog for Allmax-branded products. Allmax denies that it made the representations quoted above to the public. Allmax denies that it offers for sale and supplies dietary supplements. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

31. The products at issue are offered to and may be purchased and used by citizens of California.

**Response:** Admitted.

32. Defendants sell and/or offer to sell Razor 8 [sic] Blast Powder, which contains beta-alanine. Ex. M (Catalog page for Razor 8 [sic] Blast Powder).

**Response:** Allmax denies that it sells or offers to sell RAZOR8® Blast Powder. Allmax admits that HBS International Corp. is the U.S. distributor for RAZOR8® Blast Powder. Allmax admits that RAZOR8® Blast Powder contains beta-alanine. Allmax admits that Exhibit M contains a true and correct copy of a catalog page for RAZOR8® Blast Powder from a particular point in time. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

33. Defendants represent that the Razor 8 [sic] Blast Powder is licensed under one or more of U.S. Patent Nos. 5,965,596 and 6,426,361, each of which is owned by NAI. Id.

**Response:** Allmax denies that it represents that the RAZOR8® Blast Powder is licensed under any U.S. Patents. Allmax admits that Exhibit M contains a true and correct copy of a catalog page for RAZOR8® Blast Powder from a particular point in time. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

34. Defendants also acknowledge that NAI is the owner of the registered trademark CarnoSyn®. Id.

**Response:** Allmax denies that it has acknowledged that NAI is the owner of the registered trademark CarnoSyn. Allmax admits that Exhibit M contains a true and correct copy of a catalog page for RAZOR8® Blast Powder from a particular point in time. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

35. Defendants' website for the Razor 8 [sic] Blast Powder product states that it contains 425mg of CarnoSyn® beta-alanine. Ex. N (Razor 8 [sic] webpage).

**Response:** Allmax denies that it has a website. Allmax admits that the website accessible at the url "allmaxnutrition.com" has, at some time, stated that RAZOR8® Blast Powder contains 425mg of CarnoSyn beta-alanine per serving. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

36. Defendants' website for the Razor 8 [sic] Blast Powder product has a link to "Science," which directs the viewer to another page. This other page describes the benefits of taking beta-alanine and also uses NAI's trademark and copyrights. Ex. O (Razor 8 [sic] science).

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

1  **Response:** Allmax denies that it has a website.  Allmax admits that the website

2  accessible at the url "allmaxnutrition.com" for RAZOR8® Blast Powder has a link

3  describing the benefits of beta-alanine.  Allmax admits that Exhibit O is a true and correct

4  copy of the website accessible at the url "allmaxnutrition.com" from a particular point in

5  time.  Allmax lacks sufficient knowledge or information to admit or deny the remaining

6  allegations in this paragraph of the Complaint and on that basis, denies them.   Except as

7  expressly admitted, Allmax denies all allegations in this Paragraph. The remaining

8  allegations of this paragraph consist of legal conclusions to which no response is required.

9  To the extent any response is required, Allmax denies the allegations of this Paragraph

10  except as expressly admitted.

11      37. Defendants sell and/or offer to sell C-VOL (CREMAGNAVOL®), which
    contains beta-alanine. Ex. M (Catalog page for C-VOL and CREMAGNAVOL®).

12

13  **Response:** Allmax denies that it sells or offers to sell C-VOL

14  (CREMAGNAVOL®).  Allmax admits that HBS International Corp. is the U.S.

15  distributor for C-VOL (CREMAGNAVOL®).  Allmax admits that C-VOL

16  (CREMAGNAVOL®) contains beta-alanine.  Allmax lacks sufficient knowledge or

17  information to admit or deny the remaining allegations in this paragraph of the Complaint

18  and on that basis, denies them.   Except as expressly admitted, Allmax denies all

19  allegations in this Paragraph.

20      38. The C-VOL product also contains creatine and carbohydrate. Id.

21

22  **Response:** Allmax admits that the C-VOL label indicates that it contains creatine

23  and 1g per serving of Carbohydrate.

    39. The C-VOL product does not contain L-histidine. Id.
24

25  **Response:** Allmax admits that the catalog page for C-VOL does not represent that

26  C-VOL contains L-histidine.

27      40. Defendants represent that the CREMAGNAVOL® product is licensed under
    one or more of U.S. Patent Nos. 5,965,596 and 6,426,361, each of which is owned by
28  NAI. Id.

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

**Response:** Allmax denies that it represents that CREMAGNAVOL® is licensed under any U.S. Patents.  Allmax admits that Exhibit M contains a true and correct copy of a catalog page for CREMAGNAVOL® from a particular point in time.  Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.   Except as expressly admitted, Allmax denies all allegations in this Paragraph.

41. Defendants also acknowledge that NAI is the owner of the registered trademark CarnoSyn®. Id.

**Response:** Allmax denies that it has acknowledged that NAI is the owner of the registered trademark CarnoSyn.  Allmax admits that Exhibit M contains a true and correct copy of a catalog page for CREMAGNAVOL® from a particular point in time.  Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.   Except as expressly admitted, Allmax denies all allegations in this Paragraph.

42. Defendants' websiteDefendants' website [sic] for the C-VOL product states that it contains 800mg of CarnoSyn® beta-alanine. Ex. P (C-VOL webpage).

**Response:** Allmax denies that it has a website.  Allmax admits that the website accessible at the url "allmaxnutrition.com" has, at some time, stated that C-VOL contains 800mg of beta-alanine per serving.  Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.   Except as expressly admitted, Allmax denies all allegations in this Paragraph.

43. Defendants sell and/or offer to sell Vitastack [sic], which contains betaalanine. Ex. M (Catalog page for Vitastack [sic]).

**Response:** Allmax denies that it sells or offers to sell VITASTACK®.  Allmax admits that VITASTACK® contains beta-alanine.  Allmax admits that HBS International Corp. is the U.S. distributor for VITASTACK®.  Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint

and on that basis, denies them.   Except as expressly admitted, Allmax denies all allegations in this Paragraph.

44. The Vitastack [sic] product also contains glycine. Id.

**Response:** Admitted.

45. Defendants sell and/or offer to sell MUSCLEPRIME®, which contains beta-alanine. Ex. M (Catalog page for Muscleprime [sic]).

**Response:** Allmax denies that it sells or offers to sell MUSCLEPRIME®.  Allmax admits that MUSCLEPRIME® contains beta-alanine.  Allmax admits that HBS International Corp. is the U.S. distributor for MUSCLEPRIME®.  Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.   Except as expressly admitted, Allmax denies all allegations in this Paragraph.

46. Defendants represent that the MUSCLEPRIME® product is licensed under one or more of U.S. Patent Nos. 5,965,596 and 6,426,361, each of which is owned by NAI. Id.

**Response:** Allmax denies that it represents that MUSCLEPRIME® is licensed under any U.S. Patents.  Allmax admits that Exhibit M contains a true and correct copy of a catalog page for MUSCLEPRIME® from a particular point in time.  Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.   Except as expressly admitted, Allmax denies all allegations in this Paragraph.

47. Defendants also acknowledge that NAI is the owner of the registered trademark CarnoSyn®. Id.

**Response:** Allmax denies that it has acknowledged that NAI is the owner of a registered trademark CarnoSyn.  Allmax admits that Exhibit M contains a true and correct copy of a catalog page for MUSCLEPRIME® from a particular point in time.  Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.   Except as expressly

admitted, Allmax denies all allegations in this Paragraph.

48. Defendants state that the "Patented CarnoSyn® Beta-Alanine in MUSCLEPRIME® promotes greater concentrations of muscle Carnosine resulting in increases in STRENGTH, POWER and MUSCLE MASS." Ex. M (Catalog at page 26).

**Response:** Allmax denies that it has made the statement alleged in this paragraph. Allmax admits that the quoted language appears in the Fall 2015 catalog of Allmax-branded products. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

49. Defendants also state that beta-alanine has been shown to increase anaerobic endurance and delay the onset of fatigue, "letting you train with greater intensity and duration." Id.

**Response:** Allmax denies that it has made the statement alleged in this paragraph. Allmax admits that the Fall 2015 catalog of Allmax-branded products states "Beta-Alanine has been reported to increase anaerobic endurance, aerobic endurance and delays the onset of fatigue letting you train with greater intensity and duration." Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

50. Defendants' website for MUSCLEPRIME® states the product contains 0.6g of CarnoSyn® beta-alanine. Ex. Q (Muscleprime [sic] website).

**Response:** Allmax denies that it has made the statement alleged in this paragraph. Allmax admits that the website accessible at the url "allmaxnutrition.com" has, at some time, stated that MUSCLEPRIME® contains 0.6g of CarnoSyn beta-alanine per serving. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

51. Defendants' website for the MUSCLEPRIME® product has a link to "key factors," which directs the user to another page. This other page describes the benefits of taking beta-alanine and also uses NAI's trademark and copyrights. Ex. R (Muscleprime [sic] key factors).

**Response:** Allmax denies that it has a website. Allmax admits that the website accessible at the url "allmaxnutrition.com" for MUSCLEPRIME® has a link describing the benefits of beta-alanine. Allmax admits that Exhibit R is a true and correct copy of the website accessible at the url "allmaxnutrition.com" from a particular point in time. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them. Except as expressly admitted, Allmax denies all allegations in this Paragraph. This paragraph also contains legal conclusions to which no response is necessary. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

52. Defendants sell and/or offer to sell beta-alanine. Ex. M (Catalog at page 34).

**Response:** Allmax denies that it sells or offers to sell beta-alanine. Allmax admits that HBS International Corp. is the U.S. distributor for beta-alanine. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

53. Defendants' website for beta-alanine uses NAI's trademark and copyrights. Ex. S (beta-alanine webpage).

**Response:** Allmax denies that it has a website and that it uses any NAI trademark or copyright. Allmax admits that Exhibit S is a true and correct copy of the website accessible at the url "allmaxnutrition.com" from a particular point in time. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them. This paragraph also contains legal conclusions to which no response is necessary. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

54. Defendants' website for beta-alanine has a link to "carnosyn," which directs the user to another page. This other page describes the benefits of taking beta-alanine and also uses NAI's trademark and copyrights. Ex. T (beta-alanine carnosyn).

**Response:** Allmax denies that it has a website. Allmax admits that Exhibit T is a true and correct copy of the website accessible at the url "allmaxnutrition.com" from a

particular point in time. Allmax admits that the website accessible at the url "allmaxnutrition.com" for beta-alanine has had a link describing the benefits of beta-alanine. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them. This paragraph also contains legal conclusions to which no response is necessary. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

55. Defendants' website for beta-alanine has a link to "science," which directs the user to another page. This other page describes the benefits of taking beta-alanine and also uses NAI's trademark and copyrights. Ex. T (beta-alanine science).

**Response:** Allmax denies that it has a website. Allmax admits that Exhibit T is a true and correct copy of the website accessible at the url "allmaxnutrition.com" from a particular point in time. Allmax admits that the website accessible at the url "allmaxnutrition.com" for beta-alanine has had a link describing the benefits of beta-alanine. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them. This paragraph also contains legal conclusions to which no response is necessary. Except as expressly admitted, Allmax denies all allegations in this Paragraph.

### C.   Defendants' Trademark Infringement

56. Defendants use NAI's CarnoSyn® trademark on its [sic] website as alleged above. See Exs. O, R, S, T (CarnoSyn Use on Website).

**Response:** Allmax denies that it has a website and that it uses any NAI trademark. Allmax admits that Exhibits O, R, S, and T are true and correct copies of the website accessible at the url "allmaxnutrition.com" from particular points in time. The remaining allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

57. Defendants are not authorized to use NAI's CarnoSyn® trademark.

**Response:** Denied.

### D.    Defendants' Copyright Infringement

58. Defendants use the contents of NAI's website on its own website as alleged above. See Exs. O, R, S, T (copy of material from website).

**Response:** Allmax denies that it has a website.  Allmax admits that Exhibits O, R, S, and T are true and correct copies of the website accessible at the url "allmaxnutrition.com" from particular points in time.  The remaining allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

59. The contents of NAI's website is protected by copyright, including registered copyrights.

**Response:** The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

60. Defendants are not authorized to use NAI's copyright.

**Response:** Denied.

### E.    Defendants' Patent Infringement

61. Defendants sell sports nutrition supplements that contain beta-alanine as alleged above. See Exs. M-T (copy of material from website and catalog).

**Response:** Allmax denies that it sells or offers to sell sports nutrition supplements. Allmax incorporates its responses to the above paragraphs that this paragraph references. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.  Except as expressly admitted, Allmax denies all allegations in this Paragraph.

62. The Razor 8 [sic] Blast Powder product infringes at least claim 1 of the '084 patent because it contains between 0.4 and 16 grams of beta-alanine per unit dosage.  Exs. M-O (Razor 8 [sic] Blast Powder catalog page and website).

**Response:** The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

63. The Razor 8 [sic] Blast Powder product infringes at least claim 34 of the '947 patent because it contains beta-alanine between 0.4 and 16 grams per daily dose, creatine and carbohydrate, does not contain L-histidine and is formulated for one or more doses per day for at least 14 days. Exs. M-O (Razor 8 [sic] Blast Powder catalog page and website).

**Response:** The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

64. The C-VOL product infringes at least claim 1 of the '084 patent because it contains between 0.4 and 16 grams of beta-alanine per unit dosage. Exs. M, P (C-VOL catalog page and website).

**Response:** The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

65. The C-VOL product infringes at least claim 34 of the '947 patent because it contains beta-alanine between 0.4 and 16 grams per daily dose, creatine and carbohydrate, does not contain L-histidine and is formulated for one or more doses per day for at least 14 days. Exs. M, P (C-VOL catalog page and website).

**Response:** The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

66. The Vitastack [sic] product infringes at least claim 1 of the '084 patent because it contains between 0.4 and 16 grams of beta-alanine per unit dosage. Ex. M (Vitastack [sic] catalog page).

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

**Response:** The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

67. The Vitastack [sic] product infringes at least claim 6 of the '376 patent because it contains glycine and the amino acid beta-alanine. Id. (Vitastack [sic] catalog page).

**Response:** The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

68. The MUSCLEPRIME® product infringes at least claim 1 of the '084 patent because it contains between 0.4 and 16 grams of beta-alanine per unit dosage. Exs. M, Q (Muscleprime [sic] catalog page and website).

**Response:** The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

69. The beta-alanine product infringes at least claim 1 of the '084 patent because it contains between 0.4 and 16 grams of beta-alanine per unit dosage. Exs. M, R (beta-alanine catalog page and website).

**Response:** The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

70. Defendants make statements in association with the promotion of its beta-alanine product that induce infringement of at least claim 1 of the '596 patent. For example, Defendants state that "beta-alanine is clinically proven to increase muscle carnosine for long periods, [and] increase muscle buffering capacity. . . ." Ex. S. They also state that "Muscle carnosine is the major buffering agent, or neutralizer, of hydronium ions that lead to muscle fatigue and failure. By increasing the amount of carnosine in the muscle, CarnoSyn beta-alanine both increases an athlete's peak performance and speeds muscle recovery." Ex. T (beta-alanine webpage Science).

**Response:** Allmax denies that it has a beta-alanine product and further denies that it

has made any statements about a beta-alanine product.  Allmax admits that Exhibits S and T are true and correct copies of particular pages of the  website accessible at the url "allmaxnutrition.com" at particular points in time.  The remaining allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

### F.    Contacts With Allmax

71. On or about June 15, 2016, NAI's counsel sent a letter to Allmax by overnight courier addressed to its President, Michael Kichuk ("Kichuck").  A copy of the letter is attached as Ex. U and is incorporated herein by reference.

**Response:** Allmax admits that it received a copy of the letter attached as Ex. U. Allmax admits that Plaintiff purports to incorporate that letter by reference. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.

72. On or about July 5, 2016, Kichuk contacted NAI to find out who to discuss the issues raised in the cease and desist letter with at NAI. He was told to speak to Kenneth Wolf, NAI's President.

**Response:** Admitted.

73. NAI also learned that contract manufacturers Arnet and Capstone had been manufacturing products containing beta-alanine for Allmax for some time.

**Response:** Allmax denies that Arnet and Capstone have manufactured products containing beta-alanine for Allmax.  Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.

74. NAI filed its complaint for trademark, copyright and patent infringement and provided Allmax with a courtesy copy. Allmax's counsel sent an email to NAI's counsel on or about July 12, 2016, writing, in pertinent part:

> Thank you for providing a courtesy copy of the complaint against Allmax Nutrition Inc. I have also obtained the extensive exhibits referenced in the complaint and have passed the material along to my client with your inquiry regrading exploring a pre-service resolution. My client's initial response is

that it is interested in exploring a resolution to this matter pre-service, but it obviously needs some time to review the complaint and associated exhibits to understand the basis for NAI's allegations.

**Response:** Admitted. Allmax avers that the language quoted above is not the entire email.

75. Counsel for NAI and Allmax later had a telephone discussion in which NAI requested information from Allmax on its products and use of beta-alanine. On or about August 11, 2016, Allmax's counsel left a voice message for NAI's counsel saying, in pertinent part:

This is Sean Sweeney and I am calling regarding NAI and Allmax Nutrition. I wanted to follow up after our phone conversation. I finally had a chance to touch base with my contact just now. First of all they don't have the documentation or the bulk of the documentation that you're looking for at this point and one of the things that is becoming a significant problem for them is that NAI has apparently scared most of the copackers to the point where they are not really willing to provide a lot of information and so I'm not sure how my client is going to get around that.

**Response:** Allmax admits that counsel for Allmax had a telephone conversation with counsel for NAI. Allmax admits that Sean Sweeney left a voice message for NAI's counsel. Allmax denies that it has any products and further denies that it uses beta-alanine. Except as expressly admitted, Allmax denies all allegations in this Paragraph or lacks sufficient information to admit or deny the allegations of this Paragraph, and on that basis denies them.

76. At no time during any of these communications did Allmax or its representatives suggest that Allmax was not engaged in promoting, offering to sell and selling dietary supplements, including the products at issue here.

**Response:** On the understanding that "these communications" refers to the voicemail in paragraph 75 and the email in paragraph 74, admitted. Allmax avers that counsel for NAI never asked whether Allmax was engaged in promoting, offering to sell and selling dietary supplements, including the products at issue here.

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

## COUNT I

### (Lanham Act § 32)

77. The foregoing allegations are incorporated by reference.

**Response:** Allmax incorporates by reference all its preceding responses.

78. Defendants' products are used, sold, and/or offered for sale in interstate and foreign commerce.

**Response:** Allmax denies that it has any products sold, and/or offered for sale in interstate or foreign commerce. Allmax lacks sufficient knowledge or information to admit or deny the remaining allegations in this paragraph of the Complaint and on that basis, denies them.

79. In connection with its goods or services, Defendants have used a reproduction, counterfeit, copy, or colorable imitation of NAI's registered trademark without NAI's consent.

**Response:** Allmax denies that it has used a reproduction, counterfeit, copy, or colorable imitation of any NAI trademark in connection with any goods or services. The remaining allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

80. Defendants knowingly and willfully misrepresented to the public, inter alia, the facts alleged above.

**Response:** Allmax denies that it made any representation to the public related to the facts alleged in the Complaint. The remaining allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

81. Defendants used NAI's registered trademark without NAI's consent, knowing that such act is intended to be used to cause confusion, or to cause mistake, or to deceive.

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

**Response:** Allmax denies that it has used any NAI trademark. The remaining allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

82. By reason of Defendants statements and conduct, they have willfully violated section 32 of the Lanham Act, 15 U.S.C. § 1114, and NAI has suffered, and will continue to suffer damage to its business, reputation, and good will and has lost sales and profits that it would have made but for Defendants' acts.

**Response:** Allmax denies that it has violated section 32 of the Lanham Act and that NAI has suffered any damage as a result of Almax's actions. The remaining allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

83. NAI has been irreparably harmed by Defendants' acts in violation of the Lanham Act and has suffered damages in an amount to be determined at trial.

**Response:** Allmax denies that NAI has been irreparably harmed by Allmax's actions. Allmax denies that it has violated the Lanham Act. Allmax denies that NAI has suffered any damages as a result of Allmax's actions. The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

## COUNT II

### (Copyright Infringement)

84. The foregoing allegations are incorporated by reference.

**Response:** Allmax incorporates by reference all its preceding responses.

85. NAI's work is an original literary, design and pictorial work of authorship pursuant to 17 U.S.C. § 102(a). The copyrights in NAI's work are valid.

**Response:** The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent any response is required, Allmax denies the allegations of this Paragraph except as expressly admitted.

86. Defendants had access to NAI's work.

**Response:** The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

87. Defendants copied and distributed and used without authorization or permission NAI's work, including on exhibits attached hereto.

**Response:** Allmax denies that it has copied or distributed any NAI work. The remaining allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

88. Defendants willfully violated, and continues [sic] to willfully violate, NAI's exclusive right to its protected copyright works in violation of 17 U.S.C. § 501.

**Response:** Allmax denies that it willfully violated any NAI copyright. The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

89. Defendants profited from its infringement of NAI's copyrights.

**Response:** Allmax denies that it has infringed any NAI copyright. The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

90. NAI has been irreparably harmed by Defendants acts of infringement and has suffered damages in an amount to be determined at trial.

**Response:** Allmax denies that NAI has been irreparably harmed or suffered any damage from Allmax's actions.  The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

## COUNT III

### (Patent Infringement)

91. The foregoing allegations are incorporated by reference.

**Response:**  Allmax incorporates by reference all its preceding responses.

92. Defendants have made, used, sold, and/or offered for sale products embodying the patented invention, thereby infringing, literally or under the doctrine of equivalents, one or more claims of the '084 patent, '376 patent and the '947 patent and will continue to do so unless enjoined therefrom.

**Response:**  Allmax denies that it has made, used, sold, or offered for sale any products.  Allmax denies that it has infringed any NAI patent.  The remaining allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

93. Defendants have, through the sale of its products and promotion of such products, including instructions for the use thereof, induced others (i.e., the end users of its accused products) to infringe literally or under the doctrine of equivalents, one or more claims of the '596 patent.

**Response:**  Allmax denies that it has made, used, sold, or offered for sale any products.  Allmax denies that it has infringed any NAI patent.  The remaining allegations

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

94. Defendants' infringement has been willful.

**Response:** Allmax denies that it has infringed any NAI patent, and further denies any willful infringement.  The remaining allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

95. NAI has been irreparably harmed by Defendants' acts of infringement and has suffered damages in an amount to be determined at trial.

**Response:** Allmax denies that NAI has been irreparably harmed or suffered any damages from Allmax's actions.  The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

## COUNT IV

### (Civil Conspiracy)

96. The foregoing allegations are incorporated by reference.

**Response:**  Allmax incorporates by reference all its preceding responses.

97. At all relevant times, Allmax and HBS have acted in concert, agreed, combined and conspired for an unlawful purpose or for a lawful purpose by unlawful means, i.e., to have made, sell and offer for sales products containing beta-alanine not purchased from NAI that infringe NAI's trademarks, copyrights and patents.

**Response:** Denied.

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

98. Defendants have committed one or more overt tortious or illegal acts in furtherance of their conspiracy, as alleged herein.

**Response:** Allmax denies that it has committed any overt tortious or illegal acts in furtherance of any conspiracy. The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

99. An overt act by one member of the conspiracy is chargeable to all members.

**Response:** The allegations of this paragraph consist of legal conclusions to which no response is required. To the extent any response is required, Allmax denies the allegations of this Paragraph except as expressly admitted.

100. Defendants' agreement and overt acts were done intentionally and with malice.

**Response:** Allmax denies that it engaged in any overt acts or agreement as alleged in this Complaint, let alone with intention or malice. The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or deny the stated allegations. On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

101. NAI did not authorize Defendants to use its intellectual property rights for products that did not contain CarnoSyn® beta-alanine.

**Response:** Denied.

102. As a direct and proximate result of the civil conspiracy, NAI has been injured by Defendants in an amount to be proven at trial in excess of $75,000.

**Response:** Allmax denies that NAI has been injured by any civil conspiracy to which Allmax was a part. Allmax denies that any such civil conspiracy existed. The allegations of this paragraph are either legal conclusions to which no response is required, or else statements for which Allmax lacks sufficient knowledge or information to admit or

deny the stated allegations.  On those bases, to the extent any response is required, Allmax denies the allegations of this Paragraph.

## PLAINTIFF'S REQUEST FOR RELIEF

Allmax denies that Plaintiff is entitled to the requested relief, or to any relief whatsoever.

## JURY DEMAND

Allmax hereby demands a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses to Plaintiff's FAC and to each cause of action, claim, and allegation asserted against Allmax therein, Allmax states as follows:

### First Affirmative Defense

*(Failure to State a Claim)*

The Complaint fails to state a claim on which relief can be granted.

### Second Affirmative Defense

*(Lack of Personal Jurisdiction)*

The Court lacks Personal Jurisdiction over Allmax.  Allmax incorporates by reference its Motion to Dismiss and filings in support of its Motion to Dismiss.  Allmax is merely an intellectual property holding company.  It does not create, sell, offer to sell, or market any of the products accused of infringement in this case.  Allmax does not operate any website, let alone an interactive website.  Allmax does not transact business with or within California.  Allmax does not sell or offer to sell any nutritional supplement products, let alone any accused in this case.  Allmax does not conduct its business as a single enterprise with HBS.

### Third Affirmative Defense

*(Patent Non-Infringement)*

Allmax is not infringing and has not infringed any valid claim of the asserted patents in any manner under 35 U.S.C. § 271, willfully or otherwise, either literally or under the doctrine of equivalents, either directly or indirectly.  Indeed, Allmax does not

infringe any claims in the asserted patents because Allmax does not make, use, offer to sell, sell, or import any products whatsoever.  Allmax also does not infringe the asserted claims because the patents-in-suit are invalid both as anticipated by prior art and for failing to claim patentable subject matter as required by 35 U.S.C §101.

### Fourth Affirmative Defense

*(Patent Invalidity)*

Each and every asserted claim of the asserted patents is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation Sections 101, 102, 103, and 112 and for failing to claim patentable subject matter as required by 35 U.S.C §101.

### Fifth Affirmative Defense

*(Estoppel and/or Disclaimer)*

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and/or disclaimer.

### Sixth Affirmative Defense

*(Lack of Knowledge)*

To the extent that Plaintiff asserts that Allmax indirectly infringes, either by contributory infringement or inducement of infringement, Allmax is not liable because it has not and does not know that its actions would cause infringement.

### Seventh Affirmative Defense

*(Exhaustion, Single Recovery, Intervening Rights)*

Plaintiff's claims for relief are barred by the doctrines of patent exhaustion, the single recovery rule, and/or intervening rights.

### Eighth Affirmative Defense

*(Limitations on Patent Damages)*

Plaintiff's claim for damages, if any, are limited or barred, in whole or in part, by 35 U.S.C. §§ 286, 287, and/or 288, and Plaintiff's case is not exceptional under 35 U.S.C. § 285.

**Ninth Affirmative Defense**

*(Merger)*

Some or all of Plaintiff's claims are barred by the merger doctrine.

**Tenth Affirmative Defense**

*(First Amendment and/or Fair Use)*

To the extent there was any use of Plaintiff's trademarks or copyrights, such use is protected by the First Amendment of the United States Constitution and/or Fair Use Doctrine.

**Eleventh Affirmative Defense**

*(License)*

Plaintiff's claims fail in whole or in part because the complained-of use was validly licensed, either by express or implied license.

**Twelfth Affirmative Defense**

*(Waiver, Abandonment, and/or Forfeiture)*

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, abandonment, and/or forfeiture.

**Thirteenth Affirmative Defense**

*(Unclean Hands)*

Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands.

**Fourteenth Affirmative Defense**

*(Laches)*

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

**Fifteenth Affirmative Defense**

*(Estoppel)*

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

**Sixteenth Affirmative Defense**

*(Acquiescence, Ratification, and/or Consent)*

Plaintiff's claims are barred in whole or in part by the doctrines of acquiescence, ratification, and/or consent.

### Seventeenth Affirmative Defense

*(No Willfulness)*

Plaintiff's claims fail in whole or in part because Allmax's conduct was innocent, not willful.

### Eighteenth Affirmative Defense

*(Statutes of Limitations)*

Plaintiff's remedies are barred at least in part by the applicable statutes of limitations.

### Nineteenth Affirmative Defense

*(Failure to Mitigate)*

Plaintiff is barred from recovery of damages because of and to the extent of his failure to mitigate his alleged damages (to which, in any event, he is not entitled).

### Twentieth Affirmative Defense

*(No Causation)*

Plaintiff's claims are barred, in whole or in part, because Plaintiff's damages, if any, were caused by independent, intervening, and/or superseding events beyond the control of Allmax and unrelated to Allmax's conduct.  Any loss, injury, or damage claimed by Plaintiff was proximately caused by Plaintiff's own acts or omissions, forces and events unrelated to Allmax's conduct, and/or the acts or omissions of persons or entities other than Allmax's, which Allmax does not control.

### Twenty-first Affirmative Defense

*(Injunctive Relief Unavailable)*

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable and because Plaintiff has an adequate remedy—if any—at law.

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Allmax expressly reserves the right to assert and pursue additional defenses.

## COUNTERCLAIMS

Allmax asserts that, as plead above, this Court does not have personal jurisdiction over Allmax.  In the alternative, Allmax alleges counterclaims against Plaintiff as follows:

## JURISDICTION AND VENUE

1.    These counterclaims arise under Title 35 of the United States Code.  The Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.  This Court has subject matter jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338, based on the existence of an actual controversy between Allmax and Plaintiff for claims under the Patent Laws.  In particular, there is an active case or controversy about whether or not Allmax infringes any claims of the asserted patents.  The existence of this controversy is demonstrated by, for example, Plaintiff's First Amended Complaint against Allmax, which was filed on October 19, 2016, in the above-captioned case.  *See* ECF No. 11.

2.    This Court has personal jurisdiction over Plaintiff and venue is appropriate because Plaintiff has engaged in judicial or extra-judicial patent enforcement within this district, and has consented to the propriety of venue in this district by filing its claims for patent infringement against Allmax.

3.    Allmax counterclaims against Plaintiff pursuant to the patent laws of the United States, Title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

## FIRST COUNTERCLAIM

*(Declaratory Judgment of Non-infringement)*

4.     Allmax incorporates herein by reference the above allegations and responses.

5.    In its First Amended Complaint, Plaintiff has alleged that Allmax has infringed and is currently infringing the asserted patents.

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS

6.      An actual controversy exists between Allmax and Plaintiff by virtue of the allegations of Plaintiff's First Amended Complaint in this action and Allmax's Answer and Defenses as to the non-infringement of the asserted patents.

7.      One or more claims of the asserted patents are not infringed, as set forth above, including that Allmax does not infringe any claims in the asserted patents because Allmax does not make, use, offer to sell, sell, or import any products whatsoever..

8.      Allmax is entitled to judgment that one or more claims of the asserted patents is not infringed.

### SECOND COUNTERCLAIM

*(Declaratory Judgment of Invalidity)*

9.      Allmax incorporates herein by reference the above allegations and responses.

10.     In its First Amended Complaint, Plaintiff has alleged that its asserted patents are valid.

11.     An actual controversy exists between Allmax and Plaintiff by virtue of the allegations of Plaintiff's First Amended Complaint in this action and Allmax's Answer and Defenses as to the invalidity of the asserted patents.

12.     One or more claims of the asserted patents are invalid, as set forth above.

13.     At least one of the asserted patents in directed to patent ineligible subject matter under 35 U.S.C. § 101.

14.     At least the prior art listed on the face of the asserted patents constitutes invalidating prior art to the asserted patents.  One or more claims of the asserted patents are invalid under 35 U.S.C. §§ 102 and 103 because one or more prior art references, including without limitation those prior art references referred to above, either alone or in combination disclose claims of the asserted patents; or the alleged inventions claimed therein would have been obvious to one having ordinary skill in the art in view of the prior art, including but not limited to the prior art listed.

## DEFENDANT'S REQUEST FOR RELIEF

WHEREFORE, Defendant prays for the following relief:

a.    That Plaintiff takes nothing by its FAC;

b.    That the Court enter judgment in Defendant's favor on all claims against Defendant;

c.    For entry of an Order declaring one or more claims of the asserted patents invalid and not infringed by Allmax;

d.    That this case be declared an exceptional case;

e.    Reasonable attorneys' fees and costs; and

f.    Such other and further relief as the Court may deem just, necessary, or appropriate.

Defendant hereby demands a trial by jury on all claims and issues herein.

Dated:  March 14, 2017                     DURIE TANGRI LLP


By:    _____
                */s/ Michael A. Feldman*
                MICHAEL A. FELDMAN

Attorneys for Defendants
ALLMAX NUTRITION, INC. and
HBS INTERNATIONAL CORP.

1

## **CERTIFICATE OF SERVICE**

2

3    I hereby certify that on March 14, 2017 the within document was filed with the

4    Clerk of the Court using CM/ECF which will send notification of such filing to the

5    attorneys of record in this case.

6

7                                                */s/ Michael A. Feldman*
                                                MICHAEL A. FELDMAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ALLMAX'S ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:16-CV-01764-H-AGS