# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL ALTERNATIVES INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALLMAX NUTRITION, INC.; HBS INTERNATIONAL CORP.; and DOES 1-100, <br><br> Defendants. | Case No.: 16-cv-01764-H-AGS <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** <br><br> [Doc. No. 69.] |

On July 24, 2017, Defendants Allmax Nutrition, Inc. and HBS International Corp. filed a motion to dismiss Plaintiff Natural Alternatives International, Inc.'s second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. No. 69.) On August 22, 2017, Plaintiff filed an opposition to Defendants' motion. (Doc. No. 72.) On August 30, 2017, Defendants filed a reply. (Doc. No. 74.) The Court, pursuant to its discretion under Civil Local Rule 7.1(d)(1), determines the matter to be appropriate for resolution without oral argument, submits it on the parties' papers, and vacates the motion hearing. For the reasons below, the Court grants in part and denies in part Defendants' motion to dismiss.

///

**Background**

The following facts are taken from the allegations in Plaintiff's second amended complaint. Plaintiff NAI is a formulator, manufacturer, marketer, and supplier of nutritional supplements. (Doc. No. 66, SAC ¶ 11.) Plaintiff sells its branded CarnoSyn® beta-alanine product to customers throughout the United States and in other countries. (Id. ¶ 1.) Plaintiff alleges that its CarnoSyn® product is covered by a portfolio of trademark, copyright, and patent rights. (Id.)

Plaintiff alleges that Defendants Allmax and HBS offer to sell and sell dietary supplements containing beta-alanine in the United States, including through retailers located in California. (Id. ¶¶ 1, 8-9, 27-31.) Plaintiff alleges that these acts constitute trademark, copyright, and patent infringement. (Id. ¶¶ 88-130.)

On July 8, 2016, Plaintiff filed a complaint against Defendant Allmax, alleging claims for: (1) violation of the Lanham Act § 32; (2) copyright infringement; and (3) patent infringement. (Doc. No 1.) On October 13, 2016, Defendant Allmax filed a motion to dismiss Plaintiff's complaint for lack of personal jurisdiction. (Doc. No. 9.) In response to Allmax's motion to dismiss, on October 19, 2016, Plaintiff filed a first amended complaint adding HBS as an additional defendant, alleging the same causes of action as in the original complaint, and adding a claim for civil conspiracy. (Doc. No. 11.) In light of Plaintiff's first amended complaint, on October 20, 2016, the Court denied Defendant Allmax's motion to dismiss Plaintiff's original complaint as moot. (Doc. No. 13.)

On November 16, 2016, Defendant Allmax filed a motion to dismiss Plaintiff's first amended complaint for lack of personal jurisdiction. (Doc. No. 18.) On February 21, 2017, the Court denied Allmax's motion to dismiss for lack of personal jurisdiction. (Doc. No. 32.) On March 14, 2017, Defendant Allmax filed counterclaims and an answer to Plaintiff's first amended complaint. (Doc. No. 33.)

On April 25, 2017, Defendant Allmax filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), and Defendant HBS filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 43, 44.) On June

26, 2017, the Court granted the Defendants' motions and granted Plaintiff partial leave to file a second amended complaint. (Doc. No. 64.) In the order, the Court specifically dismissed Plaintiff's claim for patent infringement with prejudice and dismissed Plaintiff's trademark infringement claim and its civil conspiracy claim without prejudice and with leave to amend. (Id. at 23.) The Court subsequently denied Plaintiff's motion for reconsideration of that order. (Doc. No. 73.)

On July 10, 2017, Plaintiff filed a second amended complaint against Defendants, alleging claims for: (1) violation of the Lanham Act § 32; (2) violation of the Lanham Act § 43(a); (3) common law trademark infringement; (4) copyright infringement; (5) patent infringement; and (6) civil conspiracy. (Doc. No. 66, SAC ¶¶ 88-138.) By the present motion, Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims for trademark infringement, civil conspiracy, and patent infringement for failure to state a claim.[1] (Doc. No. 69-1 at 4-11.)

## Discussion

**I. Legal Standards for a Rule 12(b)(6) Motion to Dismiss**

In patent cases, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is governed by the applicable law of the regional circuit. K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1282 (Fed. Cir. 2013). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

---

[1] Defendants do not move to dismiss Plaintiff's claim for copyright infringement.

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But, a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

**II. Analysis**

A. Plaintiff's Claims for Trademark Infringement

In the SAC, Plaintiff alleges a claim for violation of the Lanham Act § 32; a claim for violation of the Lanham Act § 43(a); and a claim for common law trademark infringement against Defendants. (Doc. No. 66, SAC ¶¶ 88-118.) Defendants argue that these claims should be dismissed because Plaintiff has failed to adequately allege that Defendants are using Plaintiff's trademark in conjunction with the sale of unauthorized products. (Doc. No. 69-1 at 4-10.) In response, Plaintiff argues that it has adequately

4

alleged in the SAC that Defendant have offered to sell and sold the accused products, which either do not wholly contain CarnoSyn® beta-alanine or contained a mixture of CarnoSyn® beta-alanine and non-CarnoSyn® beta-alanine, while improperly using Plaintiff's CarnoSyn® trademarks in connection with those accused products. (Doc. No. 72 at 10-16.)

To establish a claim for trademark infringement under the Lanham Act, a plaintiff must demonstrate: "(1) ownership of a valid mark (i.e., a protectable interest), and (2) that the alleged infringer's use of the mark is likely to cause confusion, or to cause mistake, or to deceive consumers." Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1134 (9th Cir. 2006); see 15 U.S.C. § 1114(1)(a). "The core element of trademark infringement is whether customers are likely to be confused about the source or sponsorship of the products." Reno Air Racing Ass'n., 452 F.3d at 1135. Likelihood of confusion "exists 'whenever consumers are likely to assume that a mark is associated with another source.'" Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc., 285 F.3d 848, 854 (9th Cir. 2002). In analyzing likelihood of confusion, courts utilize the eight-factor test set forth in AMF Inc. v. Sleekcraft Boats, 599 F.2d 341 (9th Cir.1979). Multi Time Mach., Inc. v. Amazon.com, Inc., 804 F.3d 930, 936 (9th Cir. 2015).

In the SAC, Plaintiff alleges that it "owns the entire right, title and interest to multiple trademarks, including the CarnoSyn trademark, Serial No. 78372235 and Registration No. 3146289, . . . and the CarnoSyn Beta Alanine trademark, Serial No. 85606462 and Registration No. 4271217." (Doc. No. 66, SAC ¶ 14.) Thus, Plaintiff has adequately alleged ownership of two valid trademarks. Further, Plaintiff alleges that Defendants have used one or more of Plaintiff's trademarks in connection with the sale of goods or services that do not contain genuine and licensed beta-alanine purchased from Plaintiff or Compound Solutions, Inc.[2] (Id. ¶ 91.) Plaintiff supports this allegation by also specifically

---

[2] Plaintiff alleges that CSI was its sole authorized distributor prior to April 1, 2015, and that after that date, Plaintiff began selling CarnoSyn® directly to customers. (Doc. No. 66, SAC ¶ 15.)

alleging that Defendants sell and/or offer to sell three products – Razor 8 Blast Powder, C-Vol, and Muscleprime® – which are advertised by Defendants as containing CarnoSyn® beta-alanine. (Id. ¶¶ 33-43, 46-56, Exs. M-T.) Plaintiff further alleges that Defendants have purchased non-CarnoSyn® beta-alanine from entities other than Plaintiff or CSI for use as an ingredient in the accused products, and that Defendants have made, offered for sale, and sold accused products that do not contain 100 percent genuine CarnoSyn® beta-alanine and/or contain CarnoSyn® beta-alanine that is comingled with non-CarnoSyn® beta-alanine. (Id. ¶¶ 59, 62, Ex. V.) These allegations are sufficient to allege that Defendants' use of Plaintiff's trademarks is likely to cause consumer confusion. See Hokto Kinoko Co. v. Concord Farms, Inc., 738 F.3d 1085, 1093 (9th Cir. 2013) (explaining that a defendant may be liable for trademark infringement if the alleged infringer sells goods marketed under a trademark that are materially different from the trademark owner's products); Sebastian Int'l, Inc. v. Longs Drug Stores Corp., 53 F.3d 1073, 1076 (9th Cir. 1995) ("[C]onduct by the reseller other than merely stocking and reselling genuine trademarked products may be sufficient to support a cause of action for infringement."). Accordingly, Plaintiff has adequately pled its claims for trademark infringement under the Lanham Act against Defendants, and the Court declines to dismiss Plaintiff's claims for trademark infringement.

### B. Plaintiff's Claim for Civil Conspiracy

In the SAC, Plaintiff alleges a claim against Defendants for civil conspiracy. (Doc. No. 66, SAC ¶¶ 131-38.) Defendants argue that the Court should dismiss Plaintiff's civil conspiracy claim because it is derivative of Plaintiff's claims for trademark infringement, which should be dismissed for failure to state a claim. (Doc. No. 69-1 at 9-10.) See Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 311 (4th Cir. 2012) ("If the underlying tort is dismissed for any reason, so, too, must the corresponding conspiracy claim be dismissed."); Ramos v. Ramos, No. 16-15459, 2017 WL 2333970, at *1 (9th Cir. May 30, 2017); see also Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 511 (1994) ("Standing alone, a conspiracy does no harm and engenders no

tort liability. It must be activated by the commission of an actual tort.").

The Court has declined to dismiss Plaintiff's claims for trademark infringement. Accordingly, because Plaintiff's claims for trademark infringement remain pending, and those claims serve as the underlying torts for Plaintiff's civil conspiracy claim, the Court also declines to dismiss Plaintiff's claim for civil conspiracy.

### C. Plaintiff's Claim for Patent Infringement

In the SAC, Plaintiff alleges a claim against Defendants for patent infringement. (Doc. No. 66, SAC ¶¶ 126-30.) Defendants argue that it was improper for Plaintiff to replead this claim in the SAC because it has been dismissed with prejudice by the Court. (Doc. No. 69-1 at 11.) In response, Plaintiff argues that it was proper for it to replead this cause of action because its motion for reconsideration of the Court's order dismissing its claim for patent infringement with prejudice remains pending. (Doc. No. 72 at 17-18.)

On June 26, 2017, the Court held that the patents-in-suit all claim ineligible subject matter and, thus, are invalid under 35 U.S.C. § 101. (Doc. No. 64 at 10-21.) Accordingly, the Court dismissed Plaintiff's claim for patent infringement with prejudice. (Id. at 23.) Plaintiff filed a motion for reconsideration of this part of the Court's June 26, 2017 order, (Doc. No. 67), but the Court has subsequently denied that motion for reconsideration. (Doc. No. 73.) Accordingly, Plaintiff's claim for patent infringement remains dismissed with prejudice.

### Conclusion

For the reasons above, the Court grants in part and denies in part Defendants' motion to dismiss. Plaintiff's claim for patent infringement remains dismissed with prejudice. The case will proceed on the remaining claims contained in the second amended complaint.

**IT IS SO ORDERED.**

DATED: August 30, 2017

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT